**GUO ZHI LIN, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,**
**Respondent.**

No. 06–2568–ag.

United States Court of Appeals,
Second Circuit.

April 5, 2007.

Liu Yu, New York, New York, for Petitioner.

Alice H. Martin, United States Attorney, Northern District of Alabama; Katharine J. Smith, Assistant United States Attorney, Birmingham, Alabama, for Respondent.

PRESENT: Hon. ROBERT D. Hon. SACK, SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Guo Zhi Lin, a native and citizen of the People's Republic of China, seeks review of a May 18, 2006 order of the BIA denying his motion to reopen proceedings. *In re Guo Zhi Lin*, No. A 96 021 521 (B.I.A. May 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Lin's motion to reopen proceedings based on his failure to abide by the time limitations for such motions. Lin filed his motion in April 2006, more than one year after the BIA's issuance of its final decision in March 2005, and long after the ninety-day deadline for the filing of motions to reopen had passed. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). Although Lin argues in his brief to this Court that the arrest warrant he submitted to the BIA constituted evidence of changed country conditions, this Court lacks jurisdiction to consider this issue in light of the Government's argument that he failed to administratively exhaust it before the BIA. Cf. *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101 (2d Cir.2006) (holding that under 8 U.S.C. § 1252(d)(1), issue exhaustion, while mandatory, is not a jurisdictional requirement, and consequently, a failure to exhaust may be waived by the Government).

It is possible that the warrant provided new evidence that the authorities sought to arrest Lin due to his practice of Falun Gong in China. However, in light of the fact that the warrant was dated March 23, 2005, one week prior to the issuance of the BIA's March 31, 2005 final decision, it is clear that Lin could have filed a motion to reopen based on this evidence before the April 2006 filing deadline. Lin failed to provide any factual or legal bases to justify the lengthy delay. Lin moved to reopen his proceedings asserting only that the new evidence was "previously not available," was "material to his asylum claim and could establish his well-founded fear of future persecution." It was not an abuse of discretion for the BIA to deny Lin's motion. It provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted with respect to this petition is VACATED.